IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| AMANDA LYNNE BOHANON | ) | CASE NO. 17-51130-WLH |
| | ) | |
| DEBTOR. | ) | |
| _____ | )_____ | |
| AMANDA LYNNE BOHANON | ) | |
| | ) | ADVERSARY |
| PLAINTIFF | ) | NUMBER 17-_____ |
| vs. | ) | |
| | ) | |
| KENNY BOHANON | ) | |
| | ) | |
| DEFENDANT | ) | |
| _____ | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW, Amanda Lynne Bohanon, ("Plaintiff), the debtor in the above style case, and files this Complaint seeking a determination of the dischargeability of the debt owed to Defendant and respectfully shows the Court as follows:

### VENUE AND JURISDICTION

1.

This is a core proceeding pursuant to 28 U.S.C**.** § 157(b)(2)(1).

-2-

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and to 11 U.S.C. §523.

3.

Venue is proper pursuant to 28 U.S.C. § 1409, as this is an adversary proceeding arising in and related to the Debtor's Chapter 13 case, Case No. 17-51130-wlh, which is pending in the Bankruptcy Court for the Northern District of Georgia, Atlanta Division.  This proceeding is initiated pursuant to Federal Rule of Bankruptcy Procedure 7001(6).

4.

The Plaintiff filed this chapter 13 bankruptcy case on January 20, 2017.  This chapter 13 plan was has not been confirmed.

5.

Kenny Bohanon, ("Defendant"), is subject to jurisdiction of this court.

6.

Defendant is a creditor of plaintiff and potentially has claims against the debtor as found in the Final Judgement and Decree of Divorce between the two parties.  (see Exhibit A, page 6) Specifically, the Plaintiff "Plaintiff shall pay Defendant $30,000 which represents half of the equity within six (6) months of the filing of this Final Judgment and Decree of Divorce".  The debt owed to the Defendant is $30,000.00 plus interest of 8.5 per annum from February 27, 2005.  The Plaintiff is claiming that this "debt" is not in the nature of support or alimony but instead is a property settlement between the two parties.

6.

Under the same Settlement agreement (Exhibit A), the parties agreed that the Defendant shall pay child support to the Plaintiff in the amount of $300.00 per week and further shall pay the Plaintiff $150.00 per week for fifty two weeks as alimony and thereafter, Defendant was to pay $100.00 per week for one hundred and four (104) weeks.  The Plaintiff was not required to pay child support or alimony to the Defendant.

7.

The discharge provisions of 11 U.S.C. §1328(a)(2) specifically excludes §523(a)(15) which is a debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record".

8.

The debtor contends that the debt is a debt listed in 11 U.S.C. §523(a)(15) and is therefore dischargeable in this chapter 13.  The debt is not for alimony or support and therefore falls into §523(a)(15).

Wherefore, the debtor prays for the following relief:

a) That "the debt" owed to Kenny Bohanon be discharged in this chapter 13 case.

b) for such other and further relief as this Honorable Court deems just and proper.

This March 23, 2017.

Respectfully submitted,

___/s_____
Brian Limbocker
GA Bar No. 800500
Attorney for the Debtor
Limbocker Law Firm, LLC
2230 Towne Lake Parkway
Building 800, Ste. 140
Woodstock, GA  30189
678-401-6836, fax 678-412-4152
bsl@limbockerlawfirm.com
Attorney for Plaintiffs