**IT IS ORDERED as set forth below:**



**Date: June 19, 2017**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-51130-WLH |
| AMANDA LYNNE BOHANON, | : | CHAPTER 13 |
| Debtor. | : | |
| AMANDA LYNNE BOHANON, | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING |
| v. | : | NO: 17-05070 |
| KENNY BOHANON, | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter came before the Court on the Plaintiff Amanda Lynne Bohanon's ("Plaintiff") Motion for Entry of Default Judgment (the "Motion") pursuant to Fed. R. Civ. P. 55,

1

made applicable by Fed. R. Bankr. P. 7055, against Defendant Kenny Bohanon ("Defendant") (Docket No. 5). The Court finds this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

Plaintiff filed a Chapter 13 bankruptcy case on January 20, 2017. Plaintiff subsequently filed her Complaint to Determine Dischargeability of Debt on March 23, 2017, seeking a determination that a certain debt owed to Defendant under a divorce settlement agreement was dischargeable pursuant to 11 U.S.C. §§ 523(a)(15) and 1328(a) ("Complaint") (Docket No. 1). Plaintiff filed a certificate of service showing service of the summons and Complaint upon the Defendant on March 27, 2017 (Docket No. 3). Defendant did not answer or otherwise respond. Following Defendant's failure to file a responsive pleading by the deadline, Plaintiff moved for entry of default pursuant to Fed. R. Bankr. P. 7055 (Docket No. 4). The clerk entered default against the Defendant May 10, 2017. Defendant has not filed a response to the Motion for Default Judgment, which is therefore deemed unopposed pursuant to Bankr. L. R. 7007−1(c).

**I. Standard for Motion for Default Judgment**

Entry of default judgment under Fed. R. Bankr. P. 7055 is discretionary. In re Alam, 314 B.R. 834, 837 (Bankr. N.D. Ga. 2004). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A default only admits well-pled allegations of fact and does not admit conclusions of law. Id. Only facts established by the pleadings can support a default judgment. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).

In determining whether the allegations in a complaint are sufficient, the Supreme Court has provided guidance in both Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  In these cases, the Supreme Court explained that, while "detailed factual allegations" are not required, the pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action".  Twombly, 550 U.S. at 555. Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  The Court has reviewed the Complaint and the Motion to determine if the matters admitted by virtue of the default justify the relief requested.

## II. Nondischargeability under 11 U.S.C. § 523(a)(15)

Section 523(a)(15) excepts from discharge "any debt—

to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit."

11 U.S.C. § 523(a)(15).  There are three elements to a claim under section 523(a)(15): (1) the debt in question must be to a spouse, former spouse or child of the debtor; (2) the debt is not a "support obligation" that would fall within the scope of section 523(a)(5); and (3) the debt was incurred in a separation agreement, divorce decree or other court order. 4 Collier on Bankruptcy ¶ 523.23 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.) (citing Damschroeder v. Williams (In re Williams), 398 B.R. 464 (Bankr. N.D. Ohio 2008)).  The effect of section 523(a)(15) is "to make all divorce-related obligations subject to a presumption of nondischargeability." Humiston v. Huddleston (In re Huddleston), 194 B.R. 681, 685 (Bankr. N.D. Ga. 1996).

Section 1328, in turn, governs the debtor's discharge in a case under Chapter 13.  It provides in pertinent part that "as soon as practicable after completion by the debtor of all

3

payments under the plan…the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

> (2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)…"

11 U.S.C. § 1328(a)(2). Notably, section 523(a)(15) is not included as an exception in the text of section 1328(a), indicating that obligations within the scope of section 523(a)(15) are dischargeable in Chapter 13. O'Brien v. Silver (In re Silver), 2013 WL 4498813, at *5 (Bankr. N.D. Ga. July 22, 2013). Therefore, if a debtor can show the debt in question would otherwise be nondischargeable pursuant to section 523(a)(15), such debt will be discharged upon the completion of the debtor's case and the entry of a Chapter 13 discharge. To determine whether an obligation incurred under a divorce settlement falls within the scope section 523(a)(15) (rather than section 523(a)(5), which would render it nondischargeable) the court should undertake "a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the nature of support." Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001) (citing In re Harrell, 754 F.2d 902, 904 (11th Cir. 1985)). A debt is in the nature of support "if at the time of its creation the parties intended the obligation to function as support or alimony." Cummings, 244 F.3d at 1265. Factors courts have relied on to determine parties' intent include (1) the agreement's language, (2) the relative financial positions of the parties, (3) the amount of the division, (4) when the obligation ends, (5) the frequency and number of payments, (6) whether the agreement waives other support rights, (7) whether the obligation can be modified, and (8) how the obligation is treated for tax purposes. Benson v. Benson (In re Benson), 441 Fed. Appx. 650, 651 (11th Cir. 2011). The creditor has the burden of proving by the preponderance of the evidence that the parties intended the obligation as support. In re Silver, 2013 WL 4498813, at *6 (citing Cummings, 244 F.3d at 1265).

This adversary proceeding concerns the dischargeability of a debt owed by Plaintiff to Defendant under a divorce settlement agreement in the amount of $30,000 plus interest. The Complaint alleges that the specific language from the decree stated "Plaintiff shall pay Defendant $30,000 which represents half of the equity within six (6) months of the filing of this Final Judgment and Decree of Divorce."[1] The Complaint alleges further that the settlement agreement contained a separate section that governed the payment of child support and the payment of alimony. Specifically, the settlement agreement requires the Defendant to pay child support in the amount of $300 per week, and also required the Defendant to pay Plaintiff alimony in the amount of $150 per week for fifty-two weeks followed by $100 per week for the subsequent one hundred and four weeks. The payments identified as alimony and child support payments are separate from the payment Plaintiff owed Defendant for the division of equity. Based on the facts alleged, the Court finds the debt in question is in the nature of a property settlement, and not in the nature of support. The Complaint pleads sufficient facts to find the debt dischargeable. By failing to answer, Defendant has not disputed any of these facts. Defendant has also failed to establish any statutory defenses. Plaintiff has met her burden, and the debt that resulted from division of equity under the settlement agreement falls within section 523(a)(15) and is therefore dischargeable pursuant to section 1328(a).

## III. Conclusion

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**. The debt in question is in the nature of property settlement, and is therefore dischargeable pursuant to 11 U.S.C. §§ 523(a)(15) and 1328(a). Judgment is for the Plaintiff.

**END OF DOCUMENT**

---

[1] The designations of "Plaintiff" and "Defendant" were the same in the divorce settlement agreement as they are in this adversary proceeding.

5

**DISTRIBUTION LIST**

Amanda Lynne Bohanon
609 Sweet Bay Ridge
Woodstock, GA 30188

Brian S. Limbocker
2230 Towne Lake Parkway
Building 800, Ste. 140
Woodstock, GA 30189

Kenny Bohanon
2011 Pine Forrest Court
Jonesboro, GA 30236